813 F.2d 403
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Dwight J. SUMMERVILLE, Appellant,
v.
Correctional Officer's R. George COII, Correctional
Officer's D.D. Towne's COII, Correctional
Officer's Leroy Calvie, COII, Appellees.
 No. 85-6453
 United States Court of Appeals, Fourth Circuit.
 Argued: July 15, 1986.
Decided: Dec. 15, 1986.
 
 Dwight J. Summerville, Appellant, pro se.
 Stephen H. Sachs, Attorney General, Glenn W. Bell, Assistant Attorney General, for Appellees.
 D.Md.
 AFFIRMED.
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Joseph H. Young, District Judge. (CA Y-83-2733).
 Before WINTER, Chief Judge, and RUSSELL and WIDENER, Circuit Judges.
 WIDENER, Circuit Judge:
 
 
 1
 Plaintiff, Dwight Summerville, brought this action under 42 U.S.C. Sec. 1983, claiming injuries resulting from the alleged use of excessive force against him by officers of the Maryland Penitentiary. The district court referred the case to a federal magistrate for an evidentiary hearing pursuant to 28 U.S.C. Sec. 636(b)(1)(B). After holding the evidentiary hearing, the magistrate made a report and recommendation. The magistrate found that plaintiff had failed to prove his Sec. 1983 claim and recommended that judgment be entered for defendants. Plaintiff filed timely objections to the magistrate's recommendation. The district court reviewed the magistrate's report and the evidence introduced at the hearing, adopted the findings of the magistrate, and entered judgment for the defendant. This appeal followed in which plaintiff challenges several aspects of the decision of the district court.
 
 
 2
 Plaintiff first contends that the district court had no authority to refer the case to the magistrate. Underlying this contention is plaintiff's assertion that the magistrate conducted a "nonjury trial without the parties' consent" rather than an evidentiary hearing. We disagree. The lower court's referral of this prisoner case was quite consistent with 28 U.S.C. Sec. 636(b)(1)(B). The magistrate conducted only an evidentiary hearing and then submitted a report and recommendation to the district court, he did not decide the case, and entered no order to that effect. See United States v. Raddatz, 447 U.S. 667, 674 (1980).
 
 
 3
 Plaintiff's next contention is that the district court did not satisfy the Federal Magistrates Act's requirement of de novo review. This argument is based on plaintiff's assertion that the district court did not properly take into account plaintiff's objections to the magistrate's report. Once again, we find no merit to the argument.
 
 
 4
 Plaintiff's primary objection to the magistrate's report is the rejection of the plaintiff's and plaintiff's witnesses' version of the incident. Plaintiff claims that the district court should not have accepted the magistrate's findings that plaintiff had not proven his Sec. 1983 claim and that plaintiff's version was not, or less, credible. The district court, however, obviously complied with the requirements of the statute by reviewing the magistrate's report and the evidence introduced at the hearing, even though it adopted the findings of the magistrate. See 28 U.S.C. Sec. 636(b)(1), providing that, after making a de novo determination, a district judge "may accept, reject, or modify ... the findings or recommendations made by the magistrate."
 
 
 5
 The other objection made by plaintiff is the failure to appoint him counsel. Appointment of counsel in a prisoner's Sec. 1983 case is discretionary. Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir.1984). And, although the district court is required to appoint counsel when there are "exceptional circumstances" present, there are no such exceptional circumstances here. Thus, there was no abuse of discretion.
 
 
 6
 Accordingly, the judgment of the district court is
 
 AFFIRMED.[1]
 
 7
 WINTER, Chief Judge, concurring in part and dissenting in part:
 
 
 8
 I agree with the majority that the district court had the authority to refer this case to a magistrate, and I agree also that the district court did not abuse its discretion in declining to appoint counsel. I concur in the majority's opinion in these two respects. However, I have sufficient doubt about whether the district court complied literally and strictly with the requirement of 28 U.S.C. Sec. 636(b)(1)(C) that the district judge "shall make a de novo determination of those portions of the [magistrate's] report or specified proposed findings or recommendations to which objection is made" that I would remand the case for further proceedings.
 
 
 9
 Summerville did file timely objections to the magistrate's report and recommendation. In overruling them the district court recited in its order that "the Court reviewed the magistrate's recommendation and the evidence introduced at trial." Ordinarily, I think that a recitation of this type would establish compliance with Sec. 636(b)(1)(C). However, the record sent us contained neither the tape nor the transcript of the hearing before the magistrate. When our staff sought to ascertain from the district court clerk's office whether the tape of the hearing before the magistrate had been before the district judge so that it could be obtained as a supplement to the record on appeal, we were informed that the tape had not been filed with the record and that it was in the magistrate's office. Moreover, the district court clerk's office could not tell us whether the district judge had listened to the tape in this case. In addition, the magistrate's report purported to contain a summary of the evidence. It is thus possible that the district court's recitation described a review of the magistrate's summary rather than a review of the actual record.
 
 
 10
 To my mind, the absence of the tape or a transcript from the record, the presence of the tape in the office of the magistrate, the magistrate's summary of the evidence and the ambiguity in the district court's recital, in combination create doubt whether the statute was observed. I would therefore vacate the judgment and return the case to the district court, authorizing it, if indeed it considered the tape, to reenter the judgment, or, if it had not considered the tape, to consider it now and to make a new, appropriate ruling on Summerville's objections.[1]
 
 
 
 [1]
 The dissent argues in essence that, because the record does not show affirmatively that the district judge listened to the tape of the hearing before the magistrate, the judgment of that court appealed from must be vacated and the case remanded to ascertain whether or not the district judge did so. The panel majority, however, has full confidence in the district court and accepts its recitation that "the court reviewed the magistrate's recommendation and the evidence introduced at trial" as a compliance with 28 U.S.C. Sec. 646(b)(1)(c)'s requirement that the district court make a "de novo determination" of those proposed findings to which objection was made
 
 
 [1]
 The majority's response to my separate views misreads what I have written and regrettably implies a distrust on my part which is unfounded. My thesis is that viewed in the light of all of the facts, there is not certainty of meaning in the district court's recitation of what it did and any element of uncertainty should be eliminated. I, too, am confident that the district court did what it said, but this provides no answer to the question of what, in the context of all of the facts, did it mean by the language that it used